IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED - CLERK
U.S. DISTRICT COURT

05 APR 21  PM 3: 49

TX EASTERN - BEAUMONT

BY _____

| | | |
|---|---|---|
| FEDERICO RODRIGUEZ-CRUZ | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv756 |
| STEVE MORRIS | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Federico Rodriguez-Cruz, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge.  The magistrate judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence.  Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the court concludes the objections are without merit.

Along with his objections, petitioner filed a motion to supplement his petition to include a claim that his sentence is

unconstitutional in light of the Supreme Court's recent decision in
*United States v. Booker*, ___ U.S. ___, 124 S.Ct. 2531 (2004).

Petitioner's motion to supplement is **GRANTED**. However, for
the reasons set forth below, the decision in *Booker* does not
entitle him to relief in this proceeding.

As stated above, petitioner filed his petition pursuant to 28
U.S.C. § 2241. While a petition for writ of habeas corpus under
28 U.S.C. § 2241 is the proper method for challenging the manner in
which a sentence is being executed, *United States v. Cleto*, 956
F.2d 83 (5th Cir. 1992), a motion to vacate, set aside or correct
sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper
method for challenging a conviction or sentence itself. *Cox v.
Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). While petitioner's
original ground for review challenged the execution of his
sentence, his additional ground for review challenges his sentence
as it was imposed by the trial court. While a challenge to a
sentence or conviction may normally only be raised in a motion to
vacate filed pursuant to Section 2255, a prisoner may utilize
Section 2241 as a vehicle for attacking a conviction or sentence if
it appears the remedy afforded by Section 2255 "is inadequate or
ineffective to test the legality of his detention." 28 U.S.C. §
2255. In *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir.
2001), the Fifth Circuit held Section 2255 was inadequate or
ineffective with respect to a claim which: (a) demonstrates the
petitioner is "actually innocent" because of a retroactively
applicable Supreme Court decision which establishes the petitioner

2

may have been convicted of a nonexistent offense and (b) was foreclosed by established circuit law at the time when the claim should have been raised during the petitioner's trial, direct appeal or initial motion to vacate filed under Section 2255.

Petitioner's additional ground for review does not meet the test set forth in *Reyes-Requena*. The additional ground for review is not based on the contention that petitioner was convicted of a nonexistent offense. Instead, petitioner asserts the sentence he received was improper because of a Supreme Court decision he contends changes the applicable law concerning how sentences should be calculated pursuant to the United States Sentencing Guidelines. Accordingly, petitioner has not demonstrated Section 2255 is inadequate to challenge his detention with respect to his additional ground for review. His additional ground for review therefore may not be asserted in a Section 2241 petition.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

**SIGNED** this _2/st_ day of _April_____, 2005.


_____
RON CLARK
UNITED STATES DISTRICT JUDGE

3